UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH W. BALIK,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE, INC., et al.,<br><br>Defendants. | Case No. 16-cv-05101-HSG<br><br>**ORDER DISMISSING COMPLAINT, DENYING MOTION FOR DEFAULT JUDGMENT, GRANTING MOTION TO STRIKE, AND TERMINATING AS MOOT MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 23, 26, 27, 35, 49, 57 |

Pending before the Court are six motions: (1) pro se Plaintiff Jeremiah Balik's motion for default judgment, Dkt. No. 23; (2) Defendant Sprint, Inc./United Management Company's motion to strike, Dkt. No. 26; (3) Sprint/United Management's motion to dismiss the complaint, Dkt. No. 27; (4) Defendant City of Cedar Falls' motion to dismiss the complaint, Dkt. No. 35; (5) Defendant Next Generation Wireless's motion to dismiss the complaint, Dkt. No. 49; and (6) Defendant Time Warner Cable's motion to dismiss the complaint and declare Plaintiff a vexatious litigant, or in the alternative, to transfer the case, Dkt. No. 57.[1] For the reasons articulated below, the Court:

- DENIES Plaintiff's motion for default judgment;
- GRANTS Sprint and United Management's motion to strike;
- DISMISSES the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii); and
- TERMINATES AS MOOT the motions to dismiss.[2]

---

[1] Defendants have filed several requests for judicial notice. *See* Dkt. Nos. 8, 35-1, 49-1, 58, 60. Because the Court does not rely upon any of the associated documents, the Court DENIES AS MOOT the requests for judicial notice.
[2] The Court reserves judgment on Time Warner Cable's request to declare Plaintiff a vexatious litigant until Plaintiff has had the opportunity to file a First Amended Complaint and to be heard on the issue. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)

...

**I. MOTION FOR DEFAULT JUDGMENT**

On October 28, 2016, Plaintiff filed a motion for default judgment against all Defendants. *See* Dkt. No. 23. The Court DENIES the motion for default judgment.

The process for obtaining entry of default and default judgment under Federal Rule of Civil Procedure 55 is a two-step process: (1) seeking entry of default from the clerk of the court and (2) filing a motion for default judgment before the district court. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see also Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). When the clerk of court has not entered default against a defendant, a motion for default judgment against the defendant is improper. *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013); *see also e.g.*, *Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment."); *Norman v. Small*, No. 09CV2235 WQH NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying default judgment because the clerk had not entered default).

The clerk of the Court has not entered default as to any of the Defendants, *see* Dkt. Nos. 46-48, and therefore Plaintiff's motion for default judgment is improper. *See Ardalan*, 2013 WL 6212710, at *23. Accordingly, the Court DENIES Plaintiff's motion for default judgment.

**II. MOTION TO STRIKE**

Sprint/United Management ("Sprint") moves to strike the references to Patrick Gavin and Robert Escalante in Plaintiff's complaint. Dkt. No. 26. The Court GRANTS the motion to strike.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Benham v. Am. Servicing Co.*, No. C 09-01099

---

(plaintiff must be "given notice and an opportunity to be heard before the district court entered the pre-filing order").

1  JSW, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009) (internal quotations and citations

2  omitted). "Impertinent material consists of statements that do not pertain, or are not necessary to

3  the issues in question." *Id.*

4  Plaintiff lists Gavin and Escalante as "Defendants" under the heading "Parties." *See* Dkt.

5  No. 1 ("Compl.") at 3:1-5. However, neither Gavin nor Escalante is a named Defendant in this

6  action. Accordingly, the Court finds the references to Gavin and Escalante both immaterial and

7  impertinent, and GRANTS Sprint's motion to strike. *See Benham*, 2009 WL 4456386, at *8

8  ("possibility that . . . superfluous pleadings will cause the trier of fact to draw unwarranted

9  inferences at trial" justifies motion to strike).

10 **III.  DISMISSAL UNDER 28 U.S.C. § 1915**

11 A complaint filed by a plaintiff proceeding in forma pauperis under 28 U.S.C. § 1915(a) is

12 subject to mandatory dismissal if at any time the Court determines that it "is frivolous or

13 malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

14 against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

15 203 F.3d 1122, 1126 (9th Cir. 2000). Dismissal for failure to state a claim "is appropriate only

16 where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

17 legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

18 "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

19 formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

20 quotations marks and citations omitted). However, even "a liberal interpretation of a . . .

21 complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd.*

22 *of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by

23 the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short

24 and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

25 "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

26 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

27 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

28 Plaintiff purports to bring this action against Defendants Sprint; Time Warner Cable

1  ("Time Warner"); Next Generation Wireless ("Next Generation"); City of Cedar Falls, IA ("Cedar
2  Falls"); and Telephone and Data Systems ("TDS") for racial discrimination in violation of (1)
3  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1) and (2) California's Fair
4  Employment and Housing Act, Gov't Code § 12900 et. seq. ("California FEHA"). *See generally*
5  Compl. Plaintiff also potentially seeks to assert claims for violation of his First Amendment right
6  to free speech, *see id.* at 30-31, and Fourth Amendment right to be free from unlawful search and
7  seizure, *see id.* at 9-10.

8  The Court concludes that Plaintiff fails to plead anything more than vague and conclusory
9  allegations, and the Court thus is required to dismiss the complaint under 28 U.S.C.
10 § 1915(e)(2)(B)(ii). As an initial matter, much of Plaintiff's complaint is unintelligible, due in
11 part to the submission of pages that appear to be out of order. *See e.g.*, *id.* at 10-11 (jumping from
12 discussion regarding alleged job tampering to background of California FEHA), *id.* at 28-29
13 (discussing "protected class" before switching to an alleged kill switch installed in Plaintiff's
14 automobile). The remainder of Plaintiff's complaint does not contain any non-conclusory factual
15 allegations to plausibly support Plaintiff's claims for relief.

16 In support of his racial discrimination claims, Plaintiff fails to plead any non-conclusory
17 facts that could plausibly support his allegations that Defendants discriminated against him on the
18 basis of his race. For example, Plaintiff alleges that he "applied for numerous jobs with
19 Defendants, in numerous states" but "was denied employment in every situation due to . . .
20 discrimination [with pretext]." *See id.* at 7. In one instance, Plaintiff contends that Sprint offered
21 Plaintiff a position as a Government Account Manager ("GAM"), but that his "Sprint offer was
22 rescinded for no valid reason." *Id.* at 10. From this single allegation, Plaintiff concludes that "[a]
23 reasonable person or juror could easily make the deduction [Plausible on its face] that Plaintiff had
24 offer rescinded due to his protected status, color of skin." *Id.* As another example of Defendants'
25 racial discrimination, Plaintiff alleges that he applied for employment with Time Warner several
26 times, but that Time Warner decided to pursue other candidates in each instance. *See id.* at 22-23.
27 Even under the liberal standard applied to pro se litigants, Plaintiff's barebones conclusion that
28 Defendants discriminated against him based on his race is insufficient to state a claim. *See*

United States District Court
Northern District of California

4

1  *Twombly*, 550 U.S. at 555.  Absent additional non-conclusory allegations that Plaintiff's race
2  played a role in Defendants' decision not to employ him, Plaintiff fails to inform Defendants of
3  the purported grounds of his entitlement to relief.

4  Plaintiff similarly fails to allege anything more than vague, conclusory allegations
5  regarding Defendants' alleged violations of his First and Fourth Amendment rights.  For example,
6  Plaintiff contends that the Cedar Falls Police Department arrested him after he visited a sales
7  director at Next Generation and that Plaintiff was "unlawfully searched, unlawfully arrested,
8  unlawfully detained and deprived due process rights . . . ."  Compl. at 9-10.  Likewise, Plaintiff
9  asserts that several police departments, including the Cedar Falls Police Department, "violated
10 Plaintiff's First Amendment rights per freedom of speech - unlawful detainment prohibited
11 Plaintiff from Tweeting about incidences."  *Id.* at 30-31.  But Plaintiff's complaint does not
12 contain any non-conclusory factual allegations to support his legal conclusion that Defendants
13 violated his constitutionally-protected rights.  In fact, it is unclear whether Plaintiff even attempts
14 to allege violations of his First and Fourth Amendments, given that the vast majority of his
15 complaint revolves around allegations of racial discrimination in Defendants' employment
16 practices.

17 Accordingly, the Court finds that Plaintiff's complaint fails to state a claim upon which
18 relief can be granted, and the Court DISMISSES the complaint under 28 U.S.C.
19 § 1915(e)(2)(B)(ii).

20 **IV.     MOTIONS TO DIMISS**
21 Sprint, Cedar Falls, Next Generation, and Time Warner have all moved to dismiss
22 Plaintiff's complaint.  *See* Dkt. Nos. 27, 35, 49, 57.  In light of the Court's conclusion that the
23 complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court TERMINATES AS
24 MOOT the pending motions to dismiss.

25 However, without deciding, the Court notes that Plaintiff's claims may be barred under the
26 doctrine of res judicata to the extent that Plaintiff's prior suits (1) involved claims identical to
27 those presented in this action; (2) the identical claims were litigated to final judgment on the
28 merits; and (3) the identical claims were brought against a current Defendant or a party in privity

with a current Defendant.  *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 323–24 (1971); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

## V.   CONCLUSION

In light of the above, the Court:

- DENIES Plaintiff's motion for default judgment;
- GRANTS Sprint's motion to strike;
- DISMISSES the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii); and
- TERMINATES AS MOOT the motions to dismiss.

Because Plaintiff is proceeding pro se, the Court DISMISSES the complaint WITH LEAVE TO AMEND.  *Lopez*, 203 F.3d at 1130 (court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").  Plaintiff may file a first amended complaint ("FAC") within 21 days of the date of this Order.  If Plaintiff does not file an FAC within 21 days, the case will be dismissed with prejudice, and the file will be closed.

The Court cautions Plaintiff that currently there are no plausible, non-conclusory facts pled to support his claim that Defendants discriminated against Plaintiff on the basis of his race or violated any of Plaintiff's other constitutionally guaranteed rights.  Further, if Plaintiff chooses to file an FAC, he must limit his complaint to plausible factual allegations related to his stated claims for relief.  For example, allegations regarding Mayor Rahm Emanuel, Representative Fred Upton, and Plaintiff's purported relationships with supermodels will support a finding of frivolousness if (as plainly appears to be the case) they are not plausibly related to Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: 11/23/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge